Lawrence Brewster
Regional Solicitor
Daniel J. Chasek,
Associate Regional Solicitor
**Boris Orlov, Attorney** (CSBN #223532)
Office of the Solicitor (Sol#0918433)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-5410
    Facsimile:  (213) 894-2064
orlov.boris@dol.gov

E-FILED 05/06/09

JS-6

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>                  Plaintiff,<br><br>                  v.<br><br>**SANTA MONICA SPEEDWAY CAR WASH Inc., doing business as BLUE WAVE CAR WASH** a California Corporation; and **STEVE SERBER**, Individually and as Managing Agent of the Corporate Defendant<br><br>                  Defendants. | Case No. CV09-2996-PSG<br><br><br><br><br>**CONSENT JUDGMENT** |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary") and defendants Santa Monica Speedway Car Wash, Inc., doing business as Blue Wave Car Wash, a California corporation and Steve Serber, individually and as managing agent of the corporate defendant (collectively, "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A. The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

B. Defendants have appeared and (after having been advised by Plaintiff of the right to retain the assistance of defense counsel) acknowledge receipt of a copy of the Secretary's Complaint.

C. Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

D. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§215(a)(2) and 215(a)(5), in any of the following manners:

1. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3. Defendants, jointly and severally, shall not continue to withhold the payment of $21,527.27 in overtime pay hereby found to be due under the FLSA to 51 employees, as a result of their employment by Defendants during the period of November 14, 2006 through November 13, 2008 as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee and the period covered by the Consent Judgment.

4. Defendants shall pay the backwages, plus 3% annual interest on the outstanding balance starting from April 1, 2009 until the backwages required under this Judgment are paid in full, as set forth in paragraph 5 below (and as set forth in the attached Exhibit 2). Each payment shall be made by a certified or cashier's check or money order with the firm name and "BWs + Interest" written on each, payable to the order of the "Wage & Hour Div., Labor," and delivered to the U.S. Department of Labor, Wage and Hour Division, 915 Wilshire Blvd. Suite 960, Los Angeles, CA, 90017, on or before the date the payment is due.

5. Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 915 Wilshire Blvd. Suite 960, Los Angeles, CA, 90017, the following:

    a. On or before April 28, 2009, a schedule in duplicate bearing the firm name, employer identification number(s), address, and phone number of the Defendants and showing the name, last known (home) address, social security number, and gross backwage amount for each person listed in the attached Exhibit 1;

   b. On or before April 28, 2009, May 1, 2009, June 1, 2009, and July 1, 2009, until the backwage recovery provisions of this Judgment have been satisfied in full, a certified or cashier's check or money order with the firm name and "BWs + Interest" written on each, payable to the order of the "Wage & Hour Div., Labor," in the amounts reflected on Exhibit 2;

   c. In the event of a default in the timely making of any of the payments specified herein, the full amount under the backwage provisions of this Judgment which then remains unpaid, plus interest at the rate of ten percent (10%) per year, from the date of this Judgment until the full amount of this Judgment is paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendants then known to the Secretary;

   d. The Secretary shall allocate and distribute the remittances, or the proceeds thereof, less deductions for employees' share of social security and withholding taxes to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

   e. On or before August 1, 2009, and again on or before the 1st day of each month thereafter until the civil money penalty provisions for alleged overtime pay violations of this Judgment are satisfied in full, a certified or cashier's check or money order with the firm name and "OT/CMP" written thereon payable to the order of "Wage & Hour Div., Labor," in the amount of $3,006.45 in payment of the civil money penalty assessed against the defendants for alleged overtime pay violations, as reflected in Exhibit 3.

   f. There will be no pre-payment penalty in the event the Defendants pay the

1  full amounts due under the monetary provisions of this Judgment prior to the dates
2  set forth above.

3  ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

8  ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

12  ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: 05/05/09

U.S. DISTRICT COURT JUDGE

For the Defendants:

Each defendant hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

_____     _____
Steve Serber                                                    Date

For: Santa Monica Speedway Car Wash, Inc.,
dba Blue Wave Car Wash

By: _____     _____
       Authorized Agent                                          Date

Its: _____

For the plaintiff:

CAROL A. DE DEO
Deputy Solicitor for National Operations

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Acting Associate Regional Solicitor

_____     _____
BORIS ORLOV, Attorney                                      Date
Attorneys for the Plaintiff
U.S. Department of Labor

**Exhibit 1**

| Name | Period Covered Herby | Amount |
|---|---|---|
| AKE, JOSE | 12/17/06 - 11/02/08 | $469.13 |
| ALDECO, FRANCISCO | 12/03/06 - 10/19/08 | $528.63 |
| BALTAZAR, SEGOVIA | 12/17/06 - 11/04/07 | $313.13 |
| BRISENO, CARLOS | 05/20/07 - 10/05/08 | $150.00 |
| CALDERON, ARTEMIO | 03/25/07 - 10/19/08 | $536.00 |
| CALDERON, ELEAZAR | 02/25/07 - 10/05/08 | $577.00 |
| CARLOS FAVIAN, JUAN | 03/11/07 - 09/21/08 | $411.00 |
| CHAVEZ, ANGELITA | 12/03/06 - 11/02/08 | $2,769.76 |
| CUELLAR, JOSE | 05/20/07 - 05/20/07 | $47.83 |
| DIAZ, AMADEO | 03/09/08 - 10/19/08 | $184.00 |
| DIAZ, CARLOS | 07/29/07 - 10/19/08 | $310.25 |
| DOMINGUEZ, JESUS | 03/11/07 - 11/02/08 | $2,481.53 |
| FERNANDEZ, LUCIO | 01/14/07 - 03/25/07 | $63.75 |
| FERNANDEZ, LUIS | 12/03/06 - 11/02/08 | $620.75 |
| GUZMAN, ISMAEL | 04/08/07 - 04/20/08 | $190.00 |
| HERNANDEZ, ARMANDO | 12/03/06 - 10/19/08 | $614.88 |
| HERRERA, JULIO | 05/06/07 - 09/21/08 | $315.25 |
| HERRERA, RIGOBERTO | 03/11/07 - 11/02/08 | $594.75 |
| JUARES, BENITO | 04/22/07 - 07/01/07 | $106.25 |
| LOPEZ, JOSE L | 03/11/07 - 11/04/07 | $255.00 |
| LUIS, JUAN | 02/24/08 - 09/21/08 | $284.00 |

**Consent Judgment** (Sol#0918433)

| #  | Name | Date Range | Amount |
|----|------|------------|--------|
| 1  | LUIS CLATECO, JOSE | 01/27/08 - 10/05/08 | $286.00 |
| 2  | LUIS PEINADO, JOSE | 02/10/08 - 11/02/08 | $243.00 |
| 3  | MANUEL VASQUEZ, JOSE | 03/25/07 - 03/23/08 | $184.00 |
| 5  | MENDEZ, PABLO | 03/23/08 - 11/02/08 | $220.00 |
| 6  | MONFORTE, MIGUEL | 12/17/06 - 08/10/08 | $198.38 |
| 7  | MORALES, ISRAEL | 09/09/07 - 10/19/08 | $358.00 |
| 8  | PEINADO, JOSE | 05/20/07 - 11/18/07 | $236.25 |
| 9  | PENELOZA, ALFONSO | 03/11/07 - 11/04/07 | $186.25 |
| 10 | RAMIREZ, FERNANDO | 06/29/08 - 06/29/08 | $50.00 |
| 11 | RAMIREZ, JESUS | 01/14/07 - 11/02/08 | $1,522.76 |
| 12 | RAMIREZ, MANUEL | 06/29/08 - 10/19/08 | $229.00 |
| 13 | REYES, EDUARDO | 04/08/07 - 10/19/08 | $386.00 |
| 14 | REYES, MARIO | 03/11/07 - 10/05/08 | $567.75 |
| 15 | RIVAS, NELSON | 04/20/08 - 10/19/08 | $673.97 |
| 16 | RODRIGUEZ, ALFREDO | 12/03/06 - 10/07/07 | $316.88 |
| 18 | ROMERO, FRANCISCO | 03/23/08 - 09/21/08 | $149.50 |
| 19 | ROMERO, MIGUEL | 04/06/08 - 11/02/08 | $292.00 |
| 20 | ROSARIO, MARIO | 12/31/06 - 11/02/08 | $544.13 |
| 21 | RUGERIO, GERARDO | 01/14/07 - 04/08/07 | $37.50 |
| 22 | SANCHEZ, SALVADOR | 05/20/07 - 05/18/08 | $161.75 |
| 23 | TINAJERA, EMANUEL | 06/17/07 - 10/19/08 | $271.50 |
| 24 | VASQUEZ, ALBERTO | 12/03/06 - 11/04/07 | $234.38 |
| 25 | VASQUEZ, EDUARDO | 12/31/06 - 11/18/07 | $260.63 |
| 26 | VASQUEZ, ELOY | 03/11/07 - 09/21/08 | $201.75 |
| 27 | VASQUEZ, JESUS | 06/03/07 - 10/05/08 | $195.00 |
| 28 | VEGA, JOSE | 01/28/07 - 09/23/07 | $131.25 |

**Consent Judgment** (Sol#0918433)

| | | | | |
|---|---|---|---|---|
| VELEZ, NESTOR | 08/12/07 | - | 09/07/08 | $112.50 |
| ZACARIAS, EMANUEL | 03/23/08 | - | 10/19/08 | $116.00 |
| ZACARIAS, PRUDENCIO | 12/03/06 | - | 10/05/08 | $1,248.25 |
| ZACARIAS, VICENTE | 07/27/08 | - | 10/19/08 | $90.00 |

**Consent Judgment** (Sol#0918433)

## Exhibit 2

Initial Payment: $5,381.82 due April 28, 2009

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | 05/01/2009 | $5,381.82 | $14.74 | $5,396.56 |
| 2 | 06/01/2009 | $5,381.82 | $26.18 | $5,408.00 |
| 3 | 07/01/2009 | $5,381.81 | $39.77 | $5,421.58 |
| Totals: | | $16,145.45 | $80.69 | $16,226.14 |

**Consent Judgment** (Sol#0918433)

# Exhibit 3

Santa Monica Speedway Car Wash, Inc.

CMP Installment Agreement

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | 08/01/2009 | $2,961.75 | $44.70 | $3,006.45 |
| 2 | 09/01/2009 | $2,969.15 | $37.30 | $3,006.45 |
| 3 | 10/01/2009 | $2,976.57 | $29.88 | $3,006.45 |
| 4 | 11/01/2009 | $2,984.01 | $22.44 | $3,006.45 |
| 5 | 12/01/2009 | $2,991.47 | $14.98 | $3,006.45 |
| 6 | 01/01/2010 | $2,998.93 | $7.50 | $3,006.43 |
| **Totals:** | | **$17,881.88** | **$156.80** | **$18,038.68** |

**Consent Judgment** (Sol#0918433)